FREEMAN GAGE & another *vs.* HENRY A. MORSE.

If a bill of lading contains no provision for the payment of demurrage by the consignee, he is not liable therefor, even upon his acceptance of the cargo; and certainly not, if he assigns the bill of lading before any of the cargo has been delivered.

CONTRACT brought by the owners of the schooner James House against the consignee named in a bill of lading of a cargo of coal, for five days' detention and demurrage.

It was agreed, in the superior court, that William Hunter, Jr. & Co. shipped the cargo of coal, consigned to the defendant at Boston, taking a bill of lading thereof which provided that the consignee or his assigns should pay the freight, but contained no provision respecting demurrage. The schooner arrived in Boston on the 18th of September 1864, and the next morning the master gave notice to the defendant of his readiness to discharge the cargo, and on the day following served upon him a similar notice in writing. On the same day the cargo was sold and the bill of lading assigned to the Whipple File Manufacturing Company, the defendant agreeing with that company that he would pay the freight. The defendant informed the master that said company were to receive the coal, and the same was accordingly delivered to them, though the delivery was not completed till September 28th, through no fault of the master. The defendant then paid the freight.

On these facts judgment was rendered for the defendant, and the plaintiffs appealed to this court.

*J. Nickerson*, for the plaintiffs.

*D. Thaxter*, (*F. Bartlett* with him,) for the defendant.

HOAR, J. The defendant is not liable unless upon some contract, express or implied, by which he has agreed to pay the plaintiff demurrage. No express contract is shown; and we are unable to perceive that any can be implied from the facts agreed.

The direct contract of the plaintiff under the bill of lading was with the shipper of the coal. *Blanchard* v. *Page*, 8 Gray, 281, 290–295. The defendant was the consignee; and the cargo,

by the terms of the bill of lading, was to be delivered to him or his assigns. The receipt by him of the cargo, which was to be delivered upon payment of the freight, would have been evidence of an agreement to receive it upon the terms named in the bill of lading, and so of a liability to pay the freight. And when a bill of lading has contained a stipulation for demurrage, either expressly or by reference to the charter party, the acceptance of the goods has been held to be evidence of an agreement by the consignee to pay demurrage as well as freight. *Jesson* v. *Solly*, 4 Taunt. 52. In that case Chief Justice Mansfield said, " If the consignee will take the goods, he adopts the contract." *Stindt* v. *Roberts*, 5 Dowl. & Lowndes Pract. Cas. 460, and *Wegener* v. *Smith*, 15 C. B. 285, are to the same effect, and apply the doctrine to the indorsees of the bill of lading. But as the consignee and his assigns are not parties to the contract in the bill of lading, and are only liable upon the contract which may be implied upon the actual delivery of the cargo, and waiver of his lien by the master, they are not bound to accept the cargo at any particular time, and incur no responsibility by a refusal or delay in accepting it. The contract implied from its acceptance can extend no further than the conditions upon which its delivery is made dependent by the terms of the bill of lading. Where the bill of lading contains no provision for the payment of demurrage, no case has been cited to show that the consignee or his assignee is liable for demurrage; and the English authorities are uniformly against such a liability. *Young* v. *Mœller*, 5 El. & Bl. 755. *Chappel* v. *Comfort*, 10 C. B. (N. S.) 802. *Smith* v. *Sieveking*, 5 El. & Bl. 589.

The defendant would not have been answerable in this action, therefore, if he had received the coal. But as, before any of the coal was delivered, he had assigned the bill of lading to the Whipple File Manufacturing Company, to whom the coal was delivered, he had no contract whatever with the plaintiff, express or implied. His agreement with that company to pay the freight was a contract with them only, to which the plaintiff was not a party.          *Judgment for the defendant.*