## CONKLING v. BROOKLYN LUMBER CO.

(Supreme Court, Appellate Division, Second Department. November 20, 1896.)

DEMURRAGE—LIABILITY OF CONSIGNEE.

A consignee of lumber, shipped to him under an executory contract to purchase, is not liable for demurrage, where the delay was due to his refusal to accept the lumber without an abatement of price, because it was not of the specified quality.

Appeal from trial term, Kings county.

Action by Frank E. Conkling against the Brooklyn Lumber Company to recover damages in the nature of demurrage for the unreasonable detention of plaintiff's lighter, Sarah, at defendant's wharf at Brooklyn, to which she had carried a cargo of lumber owned by and consigned to defendant. From a judgment for $100 damages and $129.26 costs, entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before BROWN, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

George C. Case, for appellant.

Edwin G. Davis, for respondent.

CULLEN, J. The general rule of law is that, as the consignee is not a party to the original contract of affreightment, he is not bound to accept the cargo at any particular time and incurs no responsibility by a refusal or delay in accepting it. He becomes a party to the contract by accepting the cargo, but then to no further extent than as the conditions of the contract are expressed in the bill of lading. Where the bill of lading makes no provision for demurrage, the consignee incurs no liability therefor. Gage v. Morse, 12 Allen, 410. Still, there is an exception to the general rule, and a consignee, who was also the general owner of the cargo, is liable for unreasonable detention of the vessel at the port of discharge. Dayton v. Parke, 142 N. Y. 391, 37 N. E. 642; Scholl v. Steel Co., 101 N. Y. 602, 5 N. E. 782.

In the case before us, as we interpret the testimony (though it is not entirely clear on the point), the defendant had made an executory contract for the purchase of a quantity of lumber. The vendors shipped the lumber to defendant by plaintiff's lighter. The bill of lading contained no provision for demurrage. The defendant failed to accept the lumber for a period of some 10 days. The plaintiff testifies that the only reason given for the delay was the inconvenience to the defendant in receiving the lumber until its wharves were clear. The defendant's officers testified that the lumber was not of the quality contracted for; that for this reason they declined to accept it, and notified both the plaintiff and the vendors of the fact; that afterwards the vendors agreed to an abatement of price, and thereupon the defendant accepted the lumber. If the contract of sale was executory, the defendant was not the owner of the cargo. If the lumber did not comply with the terms of the contract, the defendant was justified in refusing to accept it. The subsequent agreement to accept was substantially a new contract, and did not operate retroactively, and render the defendant liable for previous delay in the discharge of the cargo, though for any delay after the defendant agreed to take the lumber, and accepted the bill of lading, it would be responsible. Crawford v. Mellor, 1 Fed. 638.

The judgment and order appealed from should be reversed, and a new trial granted, costs to abide event. All concur.