## MERRITT & CHAPMAN DERRICK & WRECKING CO. v. VOGEMAN.

### (District Court, S. D. New York. January 29, 1904.)

**1. SHIPPING—DEMURRAGE—LIABILITY OF CONSIGNEE.**

A libel for demurrage, which alleges merely that the goods were consigned to respondent and received by libelant for delivery to him, does not state a cause of action, the rule being that a mere consignee, who is not the shipper or carrier of the goods nor interested therein, is not ordinarily liable for demurrage.

In Admiralty. Suit for demurrage. On exceptions to libel.

Butler, Notman, Joline & Mynderse and Frederick M. Brown, for exceptions.

Avery F. Cushman, opposed.

ADAMS, District Judge. The libel alleges that as owner of certain derricks, the libellant, in April, 1901, took on board the derricks at Jersey City, certain merchandise as freight "consigned to and for delivery to" the respondent, alongside the Steamship Tripoli, then lying at Atlantic Basin, Brooklyn, and duly transported the merchandise to the steamship, but the consignee to whom the same was delivered alongside the steamship, neglected and failed to discharge the merchandise within a reasonable time, causing detention to the lighters, to recover damages for which, amounting to $600, the action was brought.

The respondent excepted to the libel upon the following grounds:

"First: That it does not state facts sufficient to warrant the granting of the relief therein prayed for, or any relief.

Second: That it does not allege any contract binding this respondent to receive the goods mentioned in the libel within a reasonable time, or within any time whatever.

Third: That it does not appear from the libel that the respondent ever owned or had any interest in the goods mentioned therein; that he ever presented or held any bill of lading for said goods, or that he was under any obligation to receive the same at any time.

Fourth: That it does not appear from the libel that the goods mentioned in the libel were not in every instance discharged within a reasonable and proper time after the work of discharging commenced.

Dated, New York, November 29, 1901."

<hr>

¶ 1. Demurrage, see notes to Randall v. Sprague, 21 C. C. A. 337; In re Eggert, 43 C. C. A. 4.

These exceptions have just been brought on for hearing.

A mere consignee, who is not the shipper or freighter of the cargo, or interested in it, is not ordinarily liable for demurrage, in the absence of some stipulation in the bill of lading, which would tend, expressly or impliedly, to make him responsible for detention. Donaldson v. McDowell, 7 Fed. Cas. 887; Sprague v. West, 22 Fed. Cas. 970; Gates v. Ryan (D. C.) 37 Fed. 154; Sutton v. Housatonic R. Co. (D. C.) 45 Fed. 507; Conkling v. Brooklyn Lumber Co., 10 App. Div. 404, 41 N. Y. Supp. 801. I do not see anything alleged in the libel here, which, explicitly or inferentially, imposes any duty upon the respondent.

First, second and third exceptions sustained.