## ERIE R. CO. et al. v. WAITE.

### (Supreme Court, Special Term, Erie County. February, 1909.)

1. APPEAL AND ERROR (§ 171*) — THEORY OF TRIAL COURT — EFFECT IN APPEL-
LATE COURT.

The theory on which a case was tried and decided will govern the appellate court for the purpose of review.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1053–1069; Dec. Dig. § 171.*]

2. APPEAL AND ERROR (§ 231*)—OBJECTIONS BELOW—SUFFICIENCY.

The appellate court will not review a question not raised in the court below with sufficient definiteness to make it clear that there was no misunderstanding of the point ruled on.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 1299; Dec. Dig. § 231.*]

3. CARRIERS (§ 100*)—CARRIAGE OF GOODS—DEMURRAGE.

A reasonable charge may be imposed by carriers by rail on consignees, independent of statute or express contract, for the detention of cars beyond a reasonable time.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 427; Dec. Dig. § 100.*]

4. CUSTOMS AND USAGES (§ 12*)—CARRIAGE OF FREIGHT—DEMURRAGE—REASONABLENESS OF CHARGES.

A general custom, followed by all carriers, expressed in rules which are or ought to be known to their customers, is competent evidence as to the reasonableness of a charge against a consignee for the detention of cars beyond a reasonable time.

[Ed. Note.—For other cases, see Customs and Usages, Cent. Dig. § 23; Dec. Dig. § 12.*]

5. CARRIERS (§ 100*)—CARRIAGE OF FREIGHT—DEMURRAGE.

A railroad entitled to possession of cars, and liable to the owners thereof for a per diem charge for the use of the cars, may recover of a consignee demurrage charges for unreasonable delay.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 427; Dec. Dig. § 100.*]

Appeal from Municipal Court of Buffalo.

Action by the Erie Railroad Company and another against George C. Waite to recover demurrage charges for delay of cars by defendant, a consignee. Judgment of nonsuit, and plaintiffs appeal. Reversed, and new trial ordered.

R. O. Moot, for appellants.

Wallace Thayer, for respondent.

POUND, J. At the close of the plaintiffs' case defendant's motion for a nonsuit, based on the broad general ground "that the plaintiffs had failed to make out a cause of action," was granted.

The inference is permissible from the evidence that the cars in suit came into defendant's possession from the plaintiffs, and were accepted and detained by him. The case was tried and decided on that theory, and that theory will govern this court for the purpose of review. Stapenhorst v. Wolff, 65 N. Y. 596.

The appellate court will not review a question which was not raised in the court below with sufficient definiteness to make it clear that there was no misunderstanding of the point ruled upon.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The learned trial judge holds that no recovery for the detention of cars can be based on the rules of the Car Service Association allowing 48 hours' free time, and fixing a charge of $1 the day for each car for the detention of cars thereafter, in the absence of proof of a "special" contract with the consignee, and that plaintiffs cannot recover for demurrage on "cars that did not belong to them, set on tracks that did not belong to them." Several of the earlier cases deny the right of the railroad company to charge for delay or detention of cars in the absence of a contract, but the more recent authorities have almost unanimously held that a reasonable charge may be imposed by carriers by rail upon consignees, independent of statute or express contract, for detention of cars beyond a reasonable time; and that a general custom, followed by all carriers, expressed in rules which are or ought to be known to their customers, is competent evidence of the reasonableness of the charge. Miller v. Georgia R. & B. Co., 88 Ga. 563, 15 S. E. 316, 18 L. R. A. 323, 30 Am. St. Rep. 170; Kentucky Wagon Co. v. O. & M. Ry. Co., 98 Ky. 152, 32 S. W. 595, 36 L. R. A. 850, 56 Am. St. Rep. 326; Penn. R. R.. Co., v. Midvale Steel Co., 201 Pa. 624, 51 Atl. 313, 88 Am. St. Rep. 836; Elliott on Railroads (2d Ed.) § 1567. I do not regard the cases cited by defendant on demurrage charges by carriers by water as in conflict with this rule. In Dayton v. Parke, 142 N. Y. 391, 37 N. E. 642, there was nothing to refer to for the purpose of computing the amount to be paid as demurrage, and in Conkling v. B. S. Co., 10 App. Div. 404, 41 N. Y. Supp. 801, the consignee refused to accept the goods, and did not delay the vessel after acceptance of the cargo.

Nor can defendant be heard to question plaintiffs' title to the cars. Plaintiffs were liable to the owners for a per diem charge for the use of the cars. As between the parties, they were entitled to possession and to recover demurrage charges for unreasonable delay.

Judgment on the nonsuit must be reversed, and a new trial ordered on a date to be agreed upon by the parties, or fixed by the court.

Costs to abide the event.