## NORTH-GERMAN LLOYD v. HEULE.[1]

*(District Court, S. D. New York.    November 24, 1890.)*

BILL OF LADING — AGENT AS CONSIGNEE — FREIGHT ACCORDING TO VALUE — CONCEALMENT OF VALUE.

A bill of lading recited that additional freight should be payable on the total value of certain precious stones should their real value be discovered to be greater than was declared in the bill of lading; and the consignee received the goods and paid the freight according to the value stated in the bill of lading, and entered them at the custom-house under the bill of lading, and under an invoice that stated their value at a much greater sum than that made in the bill of lading. *Held,* that the stipulation for additional freight upon the actual value was valid, and that the consignee was liable for the additional freight, though he was but an agent employed by the shipper to sell the goods on commission.

In Admiralty.    Action for freight.

*Shipman, Barlow, Larocque & Choate,* for libelant.

*Stine & Calman,* for respondent.

BROWN, J.    The libel was filed to recover an alleged balance of freight due on an importation of diamonds received by the respondent, and entered by him at the custom-house under the bill of lading. The bill of lading stated the value as 7,000 francs, and upon receipt of the goods by the respondent the freight on that valuation was paid. The bill of lading stated that an additional freight of 5 per cent. should be paid on the total value should the real value be discovered to be greater than was declared in the bill of lading. When the freight upon the valuation of 7,000 francs, as stated in the bill of lading, was paid to the libelants, and the goods delivered by them to the respondent, they had no knowledge that the real value of the diamonds in the package was any greater. The respondent, however, had knowledge of their greater value, and entered them at the custom-house upon the same bill of lading and upon an invoice that stated the value of the diamonds to be 27,616 francs.

[1] Reported by Edward G. Benedict, Esq., of the New York bar.

The libelants claim to recover the additional freight of 5 per cent. on the actual value, in accordance with the stipulation of the bill of lading.

The lawfulness of stipulations of this character in favor of common carriers, to protect them against unknown responsibilities, and to adjust the freight according to the value and the responsibilities assumed, has been repeatedly upheld. See *Hart* v. *Railroad Co.*, 112 U. S. 331, 5 Sup. Ct. Rep. 151; *Liverpool, etc., Steam Co.* v. *Phenix Ins. Co.*, 129 U. S. 397, 442, 9 Sup. Ct. Rep. 469; *The Denmark*, 27 Fed. Rep. 141; *The Bermuda*, 29 Fed. Rep. 399, and cases there cited. For the respondent it is urged that he is not liable beyond the amount of freight paid, because he was only an agent to sell the goods on commission. The vessel, however, had no knowledge of this fact. The circumstances sufficiently show that it was the intention of all parties that the respondent, as consignee, receiving the goods under the bill of lading, should pay whatever freight was payable, according to the terms of the bill of lading. It is not a case of any claim outside of the bill of lading, but of a claim strictly pursuant to its express stipulation. The respondent had full knowledge of its terms, and of the real value of the goods, which determined the amount of freight actually payable. There was a manifest attempt by the shipper to defraud the ship of a part of its rightful freight. The consignee had notice of this, and was bound to protect himself before turning over the proceeds of sale. Under circumstances like the present it is unnecessary to discuss theoretical questions as to the liability of a mere agent as consignee to pay freight, where the circumstances are different and of doubtful import. See *Elwell* v. *Skiddy*, 77 N. Y. 282; *Sanders* v. *Van Zeller*, 4 Adol. & E. (N. S.) 260, 294. In cases like this, where a consignee, though a factor only, has full notice of all the facts, and obtains the goods under the bill of lading, and on the obvious undertaking to pay the freight, and pays on the carriers' requirement at the time of delivery all the freight that the carriers suppose to be due, the consignee is properly held for any balance of freight, as well as demurrage, that may be actually owing according to the terms of the bill of lading upon the actual value of which he had knowledge, but which was concealed from the carriers. *The Bermuda* and *The Denmark*, *supra;* *Railroad Co.* v. *Barnard*, 3 Ben. 39; *Neilsen* v. *Jesup*, 30 Fed. Rep. 138; *Gates* v. *Ryan*, 37 Fed. Rep. 154, and cases there cited; *Allen* v. *Coltart*, 11 Q. B. Div. 782, 785. Decree for libelant for $265.54, with costs.