58    APPELLATE COURTS OF ILLINOIS.

C., I. & S. R. Co. v. D. E. McMillan & Bros. Coal Co., 207 Ill. App. 58.

## Chicago, Indiana & Southern Railroad Company, Defendant in Error, v. D. E. McMillan & Brother Coal Company, Plaintiff in Error.

### Gen. No. 22,085.

1. CARRIERS—*when consignee liable for freight charges.* The consignee's liability to pay freight arises, in the absence of express agreement, where he has accepted the goods knowing that the charges are unpaid and that the carrier looks to him.

2. CARRIERS—*when consignee not liable for freight charges.* Where a consignee of goods transported by a common carrier reconsigns the shipment and notifies the carrier to deliver the goods and collect freight charges from the one to whom the goods are delivered, the carrier so delivering the goods and failing to collect the freight charges cannot recover them from such consignee.

3. CARRIERS—*when original reconsignee is not liable for freight charges.* The original reconsignee of freight issued an order to the carrier requesting it to consign them to a third person, such order stating: "your charges follow * * *. Please show us as consignors," and attached thereto was the original order of reconsignment in which it was said: "Charges follow, guaranteed." The carrier failed to collect the charges from the third person. *Held* that the original reconsignee did not, by reconsigning the shipment, become liable for the charges.

Error to the Municipal Court of Chicago; the Hon. ARTHUR J. GRAY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1916. Reversed. Opinion filed June 27, 1917.

M. F. GALLAGHER and E. B. WILKINSON, for plaintiff in error.

E. T. GLENNON, R. J. CARY and BERTRAND WALKER, for defendant in error.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

· The Chicago, Indiana & Southern Railroad Company brought suit in the Municipal Court of Chicago

against D. E. McMillan & Brother Coal Company to recover freight charges amounting to $42.49. The case was submitted to the court on a stipulation of facts. The court found the issues for the plaintiff and entered judgment for the amount of the claim, to reverse which this writ of error is prosecuted.

The stipulation discloses that a carload of coal was shipped over plaintiff's road from Eldorado, Illinois, consigned to the Lincoln-Springfield Coal Company at Chicago. The car was transported to Gibson City, Indiana, the holding yard of the plaintiff, and upon its arrival, March 29, 1909, the Lincoln-Springfield Coal Company, consignee, sold and reconsigned the car to the defendant. On the same date, the defendant sold and reconsigned the coal to the Monarch Rubber Works. The sale of the coal to the defendant, and also to the Monarch Rubber Works, was at a price f. o. b. the mines. The reconsignment order delivered by the defendant to the plaintiff, showing the sale to the Monarch Rubber Works, requested plaintiff to reconsign the car, "your charges follow * * *. Please show us as consignors of this shipment." To this order was attached the reconsignment order of the Lincoln-Springfield Coal Company, which contained the following: "Charges follow, guaranteed." Plaintiff accepted these reconsignment orders and delivered the car of coal to the Monarch Rubber Works at Chicago, but did not collect the freight charges from it. Six months afterwards, the Monarch Rubber Works became insolvent and went out of business. It did not pay the freight charges and, about nine months after the delivery of the coal to it, plaintiff demanded payment of the freight charges from the defendant. The car contained 42.1 tons of coal screenings, "the mine price of which was ninety-five cents a ton." The freight charges sought to be collected, amounting to $42.49, were the charges provided in the tariffs filed by plaintiff with the Interstate Commerce Commission.

Plaintiff contends that "a consignee who accepts a shipment with notice that the carrier looks to him for payment of the freight charges becomes liable therefor on an implied promise to pay," and that "a consignee who has reconsigned a car occupies and stands in the relation of a consignor of the shipment, in so far as the carriage of it subsequent to the reconsignment is concerned. It is at his request and direction that the shipment is carried further. The consignee who reconsigns the car is liable for the charges that have accrued up to the time of reconsignment as consignee, under the same conditions as any other consignee is, and for the charges beyond, as consignor."

No authority has been cited to sustain the proposition that a consignee by merely reconsigning the car becomes liable for the freight charges that have accrued up to that time. The liability of the consignee to pay the freight charges in the absence of an express agreement arises where the goods have been accepted by him knowing that the freight charges are unpaid and that the carrier looks to him for payment. *Union Pac. R. Co. v. American Smelting & Refining Co.* [121 C. C. A. 182], 202 Fed. 720; *Central R. Co. of New Jersey v. MacCartney,* 68 N. J. L. 165; *Central of Georgia Ry. Co. v. Southern Ferro Concrete Co.,* 193 Ala. 108.

In the *Union Pacific* case, *supra,* the court said, p. 723: "The reason for this rule is that the consignee accepts the goods with knowledge that the carrier looks to him for payment of the transportation charges and waives his lien for them by delivery in reliance upon the consignee's implied promise, evidenced by his acceptance of the goods, that he will pay the charges."

In the *MacCartney* case, *supra,* it was held that the liability of a consignee to pay the carrier the freight upon goods transported does not depend upon any general legal duty, but upon some agreement or undertaking made by him. Mr. Justice Pitney, in delivering

the opinion of the court, said (p. 173): "Where one accepts delivery of goods from a common carrier, receiving at the same time a statement plainly setting forth the amount of the freight charges thereon, with knowledge that the carrier is giving up for the benefit of the consignee a lien upon the goods for the amount so stated, such conduct by the consignee is, of course, cogent evidence, and, standing unexplained and uncontradicted, is sufficient evidence of an implied promise to pay the amount of the stated charges."

Where a consignee of goods transported by a common carrier reconsigns the shipment and notifies the carrier to make delivery and collect freight from the person to whom the goods are delivered, the carrier, so delivering the goods and failing to collect the freight charges, cannot recover them from such consignee. 2 Hutchinson on Carriers (3rd Ed.), sec. 808; 4 Elliott on Railroads, sec. 1559; *St. Louis Southwestern Ry. Co. v. Browne Grain Co.* (Tex. Civ. App.), 166 S. W. 40; *Tobin v. Crawford,* 5 M. & W. 235, affirmed 9 M. & W. 716; *Merian v. Funck,* 4 Denio (N. Y.) 110.

In Hutchinson on Carriers, *supra,* it is said: "If the consignee assigns the bill of lading before the goods are delivered to him, and thus enables his indorsee to receive them, he does not become liable for the freight, unless his indorsee received them as his agent. The ordinary contract of the carrier is to deliver the goods to the consignee or his assigns, 'he or they paying the freight,' and whoever accepts them under such a contract becomes liable for the freight; and if the carrier delivers them to an assignee of the contract, without relying upon his lien to secure its payment, he must be understood as relying upon the personal liability of the assignee alone, if the assignee does not act as the agent of the assignor. A new contract arises, under such circumstance, between the assignee and the carrier."

To the same effect is Elliott on Railroads, where it

is said: "If the consignee assigns the bill of lading before the goods are delivered to him, his indorsee, by accepting them, usually becomes liable, and the carrier, by delivering them to the latter, releases the consignee, unless the indorsee received them as the consignee's agent."

From the foregoing authorities, we are clearly of the opinion that the defendant was not liable for the freight charges sought to be collected in this suit. The judgment of the Municipal Court is therefore reversed.

*Judgment reversed.*