150        APPELLATE COURTS OF ILLINOIS.

N. Y. C. R. Co. v. Platt & Brahm Coal Co., 236 Ill. App. 150.

## New York Central Railroad Company, Appellant, v. Platt & Brahm Coal Company, Appellee.

### Gen. No. 29,441.

1. CARRIERS—*liability of consignee to carrier for charges on reconsignment en route on "charges follow" order.* Where a car of coal consigned to defendant was reconsigned en route by an order on which was written "charges follow" and plaintiff received the car from an intermediate carrier and carried it to its destination, collecting part of the charges but not those of the initial carrier which were not shown on the waybill and were unknown to plaintiff, defendant was liable to plaintiff for such charges which were paid by plaintiff to the initial carrier.

2. CARRIERS—*liability of consignee for freight charges on reconsignment en route.* Where the consignee of goods reconsigns them en route there is a contractual relation between such consignee and the carrier, rendering the consignee liable to the carrier for freight charges, though it is directed that the charges follow the shipment and the final consignee remains solvent.

3. CARRIERS—*liability to carrier for freight charges as between intermediate and ultimate consignee.* The fact that a carrier collects part of the freight charges on a shipment from the final consignee will not prevent it from collecting from the reconsignor the balance due for the charges of the initial carrier, which charges were unknown to the final carrier at the time of delivery of the goods.

Appeal by plaintiff from the Municipal Court of Chicago; the Hon. JOHN F. HAAS, Judge, presiding. Heard in the third division of this court for the first district at the March term, 1924. Reversed and judgment here against defendant for $11.53. Opinion filed February 3, 1925.

GLENNON, CARY, WALKER & MURRAY, for appellant; L. BEERS-JONES, of counsel.

LYMAN, ADAMS & BISHOP, for appellee; GLENN THOMPSON, of counsel.

MR. JUSTICE GRIDLEY delivered the opinion of the court.

N. Y. C. R. Co. v. Platt & Brahm Coal Co., 236 Ill. App. 150.

Plaintiff, a common carrier, commenced an action in the municipal court of Chicago in November, 1922, to recover a balance of freight charges, amounting to $11.53, on a shipment of a carload of coal in November, 1917, from Prairie, Illinois, to defendant at Chicago, Illinois, reconsigned en route by defendant to Dean Fuel & Supply Company at Jackson, Michigan, over plaintiff's railroad. The cause was tried before the court without a jury solely on stipulated facts, in February, 1924, resulting in a finding and judgment in favor of defendant, and plaintiff appealed.

The material facts, as stipulated, are in substance as follows:   Defendant, an Illinois corporation, was engaged in buying and selling coal and doing a coal brokerage business in Chicago.   Plaintiff, also an Illinois corporation, was a common carrier of freight and passengers for hire, and in November, 1917, owned and operated a line of railroad from Chicago, Illinois, to Jackson, Michigan.   Some time prior to November 26, 1917, defendant purchased of the Aid Coal Company, of St. Louis, Missouri, several carloads of coal, among which was the carload in dispute, at the price of $2.65 per ton, *f. o. b. mines, Prairie, Illinois.*   On November 26, 1917, the Aid Coal Company shipped the one carload in dispute from its mines at Prairie, consigning it to defendant at Chicago, and routing it via East St. Louis & Suburban Railroad and Chicago & Alton Railroad.   On November 27, 1917, while the car was en route to Chicago, defendant gave a written reconsigning order to an agent at Chicago of the Chicago & Alton Railroad to forward it to Dean Fuel & Supply Company, at Jackson, via plaintiff's railroad.   In said written order were the words "charges follow" and "protect through rate," and it was made in pursuance of the order of the Dean Company, directing, among other things, that defendant should cause to be shipped to

152     APPELLATE COURTS OF ILLINOIS.

N. Y. C. R. Co. v. Platt & Brahm Coal Co., 236 Ill. App. 150.

it at Jackson the carload of coal at the price of $2.80 per ton, *f. o. b. mines.* Plaintiff received the car from the Chicago & Alton Railroad at Chicago, transported it from Chicago to Jackson, delivered it to the Dean Company at Jackson, and collected certain freight charges, but not all, from the Dean Company, at the time of delivery. The car contained 42.4 tons of coal. Plaintiff, the Chicago & Alton Railroad and the East St. Louis & Suburban Railroad had on file with the Interstate Commerce Commission, more than 30 days previous to the movement of the car, coal tariffs covering the transportation of coal from Prairie, Illinois, via Chicago, to Jackson, Michigan. The tariff charge, as published by plaintiff, showed a rate of $1.65 per ton from Chicago to Jackson. The tariff charge, as published by the Chicago & Alton Railroad, showed a rate of 90.6 cents per ton from East St. Louis, Illinois, to Chicago. The tariff charge, as published by the East St. Louis & Suburban Railroad, showed a rate of 26.4 cents per ton from Prairie to East St. Louis. At the time the car was delivered to the Dean Company, at Jackson, plaintiff collected from it certain charges, based on the aforesaid rates, viz., its own charges and those of the Chicago & Alton Railroad, plus a 3 per cent war tax, or the sum of $111.62. At that time the charges of the East St. Louis & Suburban Railroad, amounting with war tax to $11.53, "were not shown on the way-bill and were unknown to this plaintiff." These charges were afterwards paid by plaintiff to the East St. Louis & Suburban Railroad for the transportation of the carload of coal from Prairie to East St. Louis, Illinois, and "there now remains a balance due and owing this plaintiff of * * * $11.53." The Dean Company of Jackson, Michigan, is engaged in business there and is a going, solvent concern. Plaintiff had no knowledge or notice of the kind of business defendant was engaged in, or of its purchase of coal, at $2.65 per ton,

N. Y. C. R. Co. v. Platt & Brahm Coal Co., 236 Ill. App. 150.

f. o. b. mines, from the Aid Coal Company, or that defendant's reconsigning order was made in pursuance of the order of the Dean Company, directing that defendant should cause to be shipped to it at Jackson the carload of coal at the price of $2.80 per ton, f. o. b. mines.

It does not appear from the stipulated facts that there was any bill of lading covering the shipment of the car of coal, or that plaintiff made any attempt to collect said balance of $11.53 for the charges for the entire transportation of the coal from Prairie, Illinois to Jackson, Michigan, of the ultimate consignee, the Dean Company, or that the Dean Company either refused on plaintiff's demand to pay said balance or was unable to do so by reason of insolvency; yet it is stipulated that "there now remains a balance due and owing this plaintiff of * * . * $11.53." The question in dispute is whether defendant is *liable* to plaintiff for said balance.

Counsel for plaintiff contend that defendant is so liable. The argument is that defendant, original consignee, having reconsigned the coal to the Dean Company while en route, was the presumptive owner of the coal; that if it accepted the coal it is liable upon an implied promise to pay the proper freight charges then earned; and that when it gave its reconsigning order, directing the Chicago & Alton Railroad to forward it to the Dean Company, it in effect "accepted" the coal, even though in said order it instructed that railroad that "charges follow" and to "protect through rate," and that by reason of said acceptance is liable for said charges. In support of their contention counsel place great reliance upon the case of *New York Cent. R. Co. v. Ross Lumber Co.*, 234 N. Y. 261. In that case the plaintiff railroad sought to recover certain freight charges claimed to be due from the defendant lumber company of Jamestown, New York. It obtained a judgment for the charges

154    APPELLATE COURTS OF ILLINOIS.

N. Y. C. R. Co. v. Platt & Brahm Coal Co., 236 Ill. App. 150.

in the trial court, which judgment the Appellate Division of the trial court reversed and directed a dismissal of the suit. On appeal the New York Court of Appeals reversed the decision of the Appellate Division and affirmed the trial court's judgment. It appears from the opinion of the Court of Appeals that a car of lumber was shipped from Saginaw, Michigan, consigned to defendant, destination Boston, Massachusetts; that before the arrival of the car at Boston the Lumber Company wrote a letter to plaintiff to the effect that upon said arrival plaintiff "deliver" the car (consigned to defendant) to Schieck-Johnson Company "upon payment of freight charges"; that complying with the letter plaintiff delivered the car to the Schieck-Johnson Company, but did not then collect the freight charges, and afterwards the Schieck-Johnson Company became bankrupt; and that the standard bill of lading provides that the owner or consignee shall pay the freight. After mentioning that the contention of defendant was that it was plaintiff's duty to collect the freight from the Schieck-Johnson Company, pursuant to instructions contained in defendant's letter, and that delivery without such collection released defendant from any liability, the court says (p. 264):

"Such contention we cannot sustain. The consignor is ordinarily liable for freight charges. He requires the carrier to perform the service when he delivers the goods for transportation and thereby obligates himself to pay therefor. The usual stipulation in the bill of lading that the consignee shall pay the freight imposes no obligation on the carrier to insist on payment of freight before delivery to the consignee. It is not a part of the contract between consignor and carrier that the latter shall collect its bill of the consignee. The carrier may neglect to collect of the consignee and collect of the consignor. (Citing cases.)

N. Y. C. R. Co. v. Platt & Brahm Coal Co., 236 Ill. App. 150.

''But the consignee may also become liable for such charges by its own act. While no contractual relation arises between carrier and consignee by the mere designation of the latter as consignee, the consignee becomes liable for the freight charges when an obligation arises on his part from presumptive ownership, acceptance of the goods and the services rendered and the benefits conferred by the plaintiff **for** such charges.

''As to plaintiff, defendant stood in the relation of owner of the carload of lumber. The bill of lading designated it as consignee. That fact is in itself evidence of ownership. It does not appear from the agreed facts that plaintiff had knowledge or notice that defendant was not the owner, or that defendant was not in fact such owner. The Schieck-Johnson Company might, for all that appears, have been the agent of defendant whose duty it was to take delivery on its behalf. As the defendant was the presumptive owner, if it accepted the freight in the capacity of owner, the law implied a promise on its part to pay the charges (*Pittsburgh, C., C. & St. L. Ry. Co. v. Fink,* 250 U. S. 577) although the bill of lading did not come into its possession and it had no knowledge of its terms. (*New York Cent. & H. River R. Co. v. York & Whitney Co.,* 256 U. S. 406.) When it wrote the letter directing the delivery without notifying the plaintiff that it was not the owner of the goods, it acted either as consignee or volunteer. We may not assume that its letter was the act of a meddler. We must, therefore, presume that it wrote as consignee. It follows that it accepted the goods by an act of ownership when it exercised dominion over them by giving directions for their delivery, and the plaintiff was justified in treating it as owner of the goods. (*Pennsylvania R. Co. v. Titus,* 216 N. Y. 17.) It thereby entered into the contract expressed in the bill of lading to pay the charges and became liable to pay such charges unless the words 'deliver * * * *upon payment of freight charges'* discharged its liability when the carrier neglected to collect on delivery to the Schieck-Johnson Company.

156      APPELLATE COURTS OF ILLINOIS.

N. Y. C. R. Co. v. Platt & Brahm Coal Co., 236 Ill. App. 150.

"The liability of the consignee under these conditions is analogous to the liability of the consignor under the terms of the bill of lading that the consignee shall pay the freight. Such a direction does not exonerate the consignor from liability. The directions given by defendant neither modified the implied contract between carrier and consignee whereby the consignee assumed liability for freight charges, nor amounted to an offer to accept the goods only on condition that freight charges should be collected of the Schieck-Johnson Company. Doubtless plaintiff might have refused to deliver to the Schieck-Johnson Company and retained the goods until its lien was satisfied by the payment of the freight. Doubtless defendant by its instructions recognized such right when it qualified its directions as to delivery. But the directions were for the benefit of the carrier, not for the benefit of the defendant. The carrier was not bound at its peril to enforce payment of the freight from the Schieck-Johnson Company and its right to resort to the defendant under the contract was not impaired by delivery of the freight under its direction. The language used in defendant's letter was not contractual. Its effect was merely to give plaintiff an option to demand payment from the person to whom it delivered the goods.

"It is unnecessary to consider what would be the rights of the parties if the plaintiff had been chargeable with notice, before the delivery of the goods by it, that defendant was not the owner of the goods."

We have quoted at length from the opinion in the New York case because the facts are similar to the agreed facts of the present case, and the conclusions of the court, as well as the reasoning of its opinion, strongly support the above contention and argument of plaintiff's counsel.

Counsel for defendant, on the other hand, contend in substance (1) that the shipment in question, "at the time the freight charges sued for *accrued*," was not an interstate one and the provisions of the Interstate Commerce Act were not applicable to it; (2)

that the ultimate consignee of an interstate shipment, who actually accepts and receives the goods, is the party liable for the proper freight charges, and not an intermediate consignee, who did not *physically* accept the goods; (3) that in the present case there was no contractual relation between plaintiff and defendant with respect to the freight charges in question; and (4) that plaintiff, having elected to pursue the ultimate consignee, cannot "change its base," and sue defendant.

In discussing the second point, counsel for defendant state in their brief and argument that "even if the shipment in question shall be held to be interstate commerce" (as we think it was) still defendant should not be held liable for the charges in question because it did not actually and physically receive the goods, and because "it received no benefit from the carriage." On the question of benefit, counsel argue in substance that the coal was originally sold by the Aid Coal Company to defendant at $2.65 per ton, *f. o. b. mines,* Prairie, Illinois; that when defendant delivered its reconsigning order to the Chicago & Alton Railroad to ship the coal over plaintiff's railroad to the Dean Company, specifying that the freight charges should "follow" the shipment, defendant had resold the coal to the Dean Company at $2.80 per ton, *f. o. b. mines,* or at a profit of 15 cents a ton; that the freight charges sought to be imposed upon defendant are at the rate of 26.4 cents per ton (11.4 cents per ton more than its profit); that the Dean Company, and not defendant received the benefit of the entire carriage, because it received the coal; and that it would be unjust and unlawful to hold defendant for the charges. We think it sufficiently appears that defendant received benefit from the carriage, but, however that may be, the sole question, as it seems to us, is, whether under the stipulated facts and the law applicable thereto defendant is *liable* to plain-

158    APPELLATE COURTS OF ILLINOIS.

N. Y. C. R. Co. v. Platt & Brahm Coal Co., 236 Ill. App. 150.

tiff. Counsel for defendant, further discussing their second point and referring to the decision of the New York Court of Appeals, in the *Ross Lumber Co.* case, *supra,* attempt to distinguish that case from the present case, but we are unable to see wherein the cases are distinguishable as to their material facts.

In support of their third point, counsel for defendant rely upon the decision of the third division of this Appellate Court in the case of *Chicago, I. & S. R. Co. v. McMillan Coal Co.,* 207 Ill. App. 58, the facts of which, as shown in the opinion, are similar to those in the *Ross Lumber Co.* case, *supra,* and to those of the present case. The plaintiff railroad company contended in the Appellate Court in substance that a consignee, who has reconsigned goods, stands in the relation of a consignor of the shipment in so far as the carriage of it subsequent to the consignment is concerned, for it is at his direction that the shipment is carried further; and that a consignee, who reconsigns goods, is liable as consignee for the charges that have accrued up to the time of the reconsignment, and, as consignor, for the charges beyond. The court, however, refused to sanction these contentions, and, in reversing the judgment of the municipal court of Chicago against the coal company for freight charges amounting to $42.49, said (p. 60):

"No authority has been cited to sustain the proposition that a consignee by merely reconsigning the car becomes liable for the freight charges that have accrued up to that time. The liability of the consignee to pay the freight charges, in the absence of an express agreement, arises where the goods have been accepted by him knowing that the freight charges are unpaid and that the carrier looks to him for payment. * * *

"Where a consignee of goods transported by a common carrier reconsigns the shipment and notifies the carrier to make delivery and collect freight from the person to whom the goods are delivered, the carrier, so delivering the goods and failing to collect the

freight charges, cannot recover them from such consignee.''

In view of the facts and holdings in the *Ross Lumber Co.* case, *supra,* decided by the New York Court of Appeals, and in view of the facts and holdings in the *McMillan Coal Co.* case, *supra,* it is plain, we think, that the decision of the New York court is directly contrary to the decision of the third division of this Appellate Court. After careful consideration we are disposed to adopt the decision of the New York court as controlling our decision of the present case under its stipulated facts. We are impressed with the strength of the reasoning in the opinion of the New York Court of Appeals. (See also, *Pittsburgh, C., C. & St. L. Ry. Co. v. Fink,* 250 U. S. 577, 581; *New York Cent. & H. River R. Co. v. York & Whitney Co.,* 256 U. S. 406, 408.) And we do not think that it affects the principle of the liability for freight charges of a consignee, who reconsigns the goods, whether after the delivery of the goods to the ultimate consignee the latter becomes insolvent or remains a going, responsible concern.

In support of their fourth point (that plaintiff, having elected to pursue the Dean Company, the ultimate consignee who received the coal, cannot ''change its base'' and sue defendant) counsel for defendant cite two U. S. Circuit Court of Appeals cases: *Yazoo & M. V. R. Co. v. Zemurray,* 238 Fed. 789, and *Louisville & N. R. Co. v. Central Iron & Coal Co.,* 284 Fed. 250. In the *Zemurray* case, the Railroad Company sued the original consignor, Zemurray, in the U. S. District Court of Louisiana to recover a balance of $36 for freight charges on a shipment of fruit from New Orleans, Louisiana, to Natchez, Mississippi. The cause was tried before the court without a jury resulting in a finding and judgment in favor of Zemurray. In overruling plaintiff's motion

for a new trial the trial judge (Judge Foster) stated the facts of the case and his reasons for the finding and the overruling of the motion, which statement appears in the report of the case. His reasons given are:

"The plaintiff contends that a carrier may waive its lien and deliver the freight and hold *either* the consignee or consignor, and this regardless of the usual clauses in bills of lading as to delivery to the consignee, he paying freight, and regardless of the ownership of the goods. Many cases have been cited, and the rule contended for seems to be supported by the weight of authority. However, in deciding the case against the plaintiff, I did so because I was satisfied the railroad could have collected from the consignee, if it had sued him; that having elected to collect the freight from the consignee, who was the owner of the fruit and bound to pay the freight ultimately, it would be *inequitable* to permit the carrier to change its base and proceed against the consignor, who was only technically liable. Conceding that Zemurray was primarily liable to the railroad because of having made the contract, the mode of shipment was prima facie notice to the carrier that the shipper had parted with ownership on delivery of the goods to it and that the shipment was for the account of the consignee. Before suit, the railroad was advised of the actual facts, and property of the consignee subject to execution pointed out. Considering all this, I see no reason to change my opinion. The motion for a new trial will be denied."

The U. S. Court of Appeals, in affirming the judgment against the Railroad Company, said that "we might rest our decision upon the facts and reasons as given by Judge Foster," but also called attention to the fact that they questioned the jurisdiction of the District Court to hear the case because of the small amount involved, and further stated that the action was probably barred by the Louisiana statute of limitations as pleaded. We do not think that the

decision in the *Zemurray* case, under its peculiar facts as shown, should be so applied to the present case, wherein the stipulated facts are materially different, as to prevent a recovery by the present plaintiff Railroad Company. Under the stipulated facts of the present case we fail to see wherein it would be inequitable to allow it to collect the balance of the freight charges in question from the defendant. In the *Central Iron & Coal Co.* case, *supra* (also cited and relied upon by defendant's counsel to sustain their fourth point), the court cited and followed the *Zemurray* case, but a careful reading of the facts discloses that they are considerably different from the stipulated facts in the present case, and, in our opinion, the decision therein should not be considered as controlling the decision of the present case in favor of defendant.

For the reasons indicated the judgment of the municipal court of Chicago is reversed and judgment will be entered here in favor of plaintiff, New York Central Railroad Company, and against defendant, Platt & Brahm Coal Company, in the sum of $11.53, for said balance of freight charges.

*Reversed and judgment here against defendant for $11.53.*

FITCH, P. J., and BARNES J., concur.