Atchison, Topeka and Santa Fe Railway Company, Appellant, v. Samuel H. Kirby and J. O. Kirby, Trading as Kirby Brothers, Appellees.*

Gen. No. 37,795.

Heard in the first division of this court for the first district at the October term, 1934. Opinion filed February 25, 1935.

EMMET TRAINOR and F. W. MILLER, both of Chicago, for appellant.

---

* This case which was formerly ordered published as an abstract is now directed by the court to be published in full.

Brodkin & Bieber, of Chicago, for appellees; Irving W. Eiserman, of Chicago, of counsel.

Mr. Presiding Justice O'Connor delivered the opinion of the court.

Plaintiff brought suit against the defendants to recover $192.15 freight charges for the shipment of a carload of baled alfalfa hay from Colorado to Chicago. There was a trial before the court without a jury and a finding and judgment in defendants' favor, and plaintiff appeals.

The facts, as stipulated, show that a carload of baled alfalfa hay was delivered to the plaintiff railroad company at Hartman, Colorado, and billed to C. F. Arnold & Company at Kansas City, Missouri. At Kansas City it was reconsigned to the order of Ennis Hay Company at Chicago, "notify E. G. Randall." The car was transported to Chicago and upon its arrival the order bill of lading was presented by Randall to plaintiff railroad company, together with a written order signed by Randall directing plaintiff to deliver the car to Kirby Brothers, "And thereafter plaintiff Company caused said car to be delivered to defendants" (Kirby Brothers).

Defendants accepted delivery of the car, unloaded the hay and released the car, but the freight charges were not paid and it was stipulated that the charges were $192.15. From the stipulation it further appears that defendants were on plaintiff's "credit list," and that persons and companies on this list were allowed 48 hours after delivery of shipment within which to pay freight charges. It was further stipulated that defendants would testify that under a general usage and the custom of trade dealing in hay in Chicago, it was understood among dealers and brokers that when hay was bought from a broker the broker would pay the freight charges and that defendants bought the

car of hay in reliance upon such custom; that defendants would testify they paid Randall the full price of the hay, no deductions being made on account of freight charges; that they did not know Randall had not paid the freight charges when they accepted delivery. Plaintiff objected to this evidence, the objection was overruled and it excepted. The stipulation further shows that plaintiff was not aware of the custom or practice just referred to.

In an interstate shipment such as the one involved in the instant case, the local custom above mentioned was in no way binding on the plaintiff. The cases cited by counsel for defendants, such as *National Importing & Trading Co., Inc. v. E. A. Bear & Co.,* 324 Ill. 346, and others, which hold that where a person deals in a particular market he must be taken to deal according to the known, general or uniform custom or usage of that market, do not involve the payment of freight in interstate shipment which is regulated by the Act of Congress, and the courts have uniformly held that the consignee who accepts the goods is liable for the freight in the absence of some agreement to the contrary by which some other person is to pay the freight charges. *Western & Atlantic R. Co. v. Underwood,* 281 Fed. 891.

Under the Act of Congress to Regulate Commerce, the carrier has a claim for its lawful charges against the consignee who accepts the goods. *Pittsburgh, C., C. & St. L. Ry. Co. v. Fink,* 250 U. S. 577; *Pere Marquette R. Co. v. American Coal & Supply Co.,* 239 Ill. App. 139; *New York Cent. R. Co. v. Platt & Brahm Coal Co.,* 236 Ill. App. 150; *Western & Atlantic R. Co. v. Underwood,* 281 Fed. 891.

Randall, the Chicago consignee who ordered the goods diverted to the defendants, testified that he was liable for the freight to plaintiff and still owed the

bill. The fact that he was liable did not, under the law, relieve the defendants.

The judgment of the municipal court of Chicago is reversed, and since there is no dispute as to the facts the cause will not be remanded but judgment will be entered in this court in favor of plaintiff for $192.15, against the defendants.

*Judgment reversed and judgment entered in this court.*

McSurely and Matchett, JJ., concur.