THE PENNSYLVANIA RAILROAD COMPANY *vs.* LORD
& SPENCER, INC.

Suffolk.   November 7, 1935. — July 11, 1936.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & QUA, JJ.

*Carrier,* Of goods.   *Interstate Commerce.   Contract,* Implied, Freight
charges.

One, to whom goods had been consigned in Boston by an interstate
carrier, while the goods were in transit gave a notice under the Newton
Amendment (44 U. S. Sts. at Large, 1447) to the then delivering carrier
that he was agent only and had no beneficial interest in the goods.
When the goods arrived, he refused to accept delivery and, by the
owner's direction but without any statement as to agency, gave an
order to the same carrier to reconsign the goods by another carrier to
Baltimore, "All charges to follow the cars."   In an action by the last
carrier against him for all freight charges, it was *held,* that the notice
of agency under the Newton Amendment was not applicable to the
subsequent reconsignment order; that the statement in the reconsign-
ment order, "All charges to follow the cars," was not notice that the
reshipment was ordered by one acting only as agent; but that the
reconsignment order was as a matter of law an act of dominion over
the shipment rendering the defendant, without more, liable as a con-
signor for the freight charges.

The Newton Amendment (44 U. S. Sts. at Large, 1447) to § 3, par. 2 of
the Federal Transportation Act of 1920 does not apply to a consignee
who has refused to accept delivery of the goods.

CONTRACT.   Writ in the Municipal Court of the City of
Boston dated June 13, 1933.

On removal to the Superior Court, the action was tried
before *Swift,* J., who ordered a verdict for the plaintiff in the
sum of $634.90, and reported the action to this court for
determination.

*J. Cavanagh,* for the defendant.

*R. Donaldson, (B. Aldrich* with him,) for the plaintiff.

RUGG, C.J.   This is an action of contract by a common
carrier to recover the amount due for freight charges on a
shipment of a carload of lettuce from California to Balti-
more, Maryland, less the proceeds from the sale of the
lettuce in Baltimore.   It was agreed at the trial that the

plaintiff was a common carrier of freight and being the final carrier was the proper party to bring this action, and there is no dispute as to the amount due to it. The only controversy was whether the defendant was a party liable. Material facts were admitted or shown by uncontradicted testimony for the defendant as follows: The shipment was made by the Engebretson Grape Company on May 31, 1930, from California to Toronto, Canada, consigned to one Charles Cira. On or before June 10, M. L. Catania of Toronto, Canada, telephoned to the defendant in Boston that he had a car of lettuce in Toronto and inquired if the defendant would handle it for his account. The defendant agreed to the proposed reconsignment on conditions that the quality of the lettuce was good and that the defendant was to act as commission agent only. Pursuant to this conversation, the shipment was diverted to Boston consigned to the defendant, the New York, New Haven and Hartford Railroad being the delivering carrier. The shipment arrived in Boston on or about June 14. Meanwhile, the defendant, on June 10, had given to that railroad notice in writing (containing also its name and place of business and signed by it) of this tenor:

> "Special Notice to NY NH & H RR, at Boston, Mass.
> Please take notice that as to Car PFE26761 containing lettuce diverted from Toronto, Canada to us, we are agents only and have no beneficial title in the property contained in the car.
>
> (The following additional information must be given in connection with cars diverted or reconsigned.)
>
> The beneficial owner of the property is M. L. Catania, Toronto, Can.
> This notice is given pursuant to the provisions of amended paragraph (2) of section 3 of the Interstate Commerce Act, effective March 4th, 1927."

On the arrival of the lettuce in Boston the defendant inspected it, found it to be in poor condition, refused to ac-

cept it and wired Catania to that effect, who requested the defendant to divert the shipment to George Fava Fruit Company in Baltimore, Maryland. On June 14 instructions were given to the New York, New Haven and Hartford Railroad Company by the defendant that the shipment be so diverted and pursuant to instructions from Catania it sent to that railroad a notice in writing signed by the defendant (containing also its name and place of business) of this tenor:

> "This is to confirm telephone conversation with your Mr. Dever today referring to two cars of lettuce now on track billed to us: PFE26761, also PFE20076. Please reconsign these cars immediately to:
>
> George Fava Fruit Co.
> Baltimore, Maryland,
> via Penn R R
>
> All charges to follow the cars.
> These cars were forwarded to us by M. L. Catania, Toronto, Canada."

The shipment was rediverted to Baltimore, where the George Fava Fruit Company refused to take delivery because of the condition of the shipment, and the plaintiff as the delivering carrier sold the shipment in accordance with the bill of lading in order to prevent further deterioration.

At the close of the evidence, motion by the plaintiff for a directed verdict in its favor was granted. It was stipulated by the parties that, if this direction was erroneous in law, final judgment is to be entered for the defendant.

This is an action to recover charges for transportation in interstate commerce. Therefore the issues of law must be decided according to statutes of the United States so far as applicable. Where not governed by such statutes, the rights of the parties depend upon the principles of the common law. The Federal statutes impose no obligation upon a particular party to pay charges for transportation. "As to these matters carrier and shipper were left free to contract, subject to the rule which prohibits discrimination."

*Louisville & Nashville Railroad* v. *Central Iron & Coal Co.* 265 U. S. 59. *American Railway Express Co.* v. *Mohawk Dairy Co.* 250 Mass. 1, 6. See 44 U. S. Sts. at Large, 1447.

The position of the defendant in the case at bar is somewhat anomalous. The goods were consigned to it from Toronto by Catania, but it refused to accept delivery. It gave notice to the railroad of its agency for Catania. Later it directed the reconsignment of the goods to Baltimore. Its liability as consignor and as consignee must be considered. The obligation of the consignor or shipper was discussed in *Louisville & Nashville Railroad* v. *Central Iron & Coal Co.* 265 U. S. 59, where it was said at page 67: "Ordinarily, the person from whom the goods are received for shipment assumes the obligation to pay the freight charges; and his obligation is ordinarily a primary one. This is true even where the bill of lading contains, as here, a provision imposing liability upon the consignee. For the shipper is presumably the consignor; the transportation ordered by him is presumably on his own behalf; and a promise by him to pay therefor is inferred (that is, implied in fact), as a promise to pay for goods is implied, when one orders them from a dealer. But this inference may be rebutted, as in the case of other contracts. It may be shown, by the bill of lading or otherwise, that the shipper of the goods was not acting on his own behalf; that this fact was known by the carrier; that the parties intended not only that the consignee should assume an obligation to pay the freight charges, but that the shipper should not assume any liability whatsoever therefor; or that he should assume only a secondary liability." This statement does not differ essentially from that in *Union Freight Railroad* v. *Winkley,* 159 Mass. 133, 137–138: ". . . in this Commonwealth, when the vendor of goods delivers them to a railroad to be carried to the purchaser, although the title passes to the purchaser by the delivery to the railroad company, and the name and address of the consignee who is the purchaser is known to the company, the vendor is presumed to make the contract for transportation with the company on his own behalf, and is held liable to the company for the pay-

ment of the freight.  This presumption, however, is a disputable one, and may be rebutted or disproved by evidence; and if the vendee has ordered the goods to be sent at his risk and on his account, he also may be held liable, as the real principal in the contract.  See *Byington* v. *Simpson*, 134 Mass. 169.  But whether the presumption be one way or the other, it is a matter of inference from the particular circumstances of the case, and the question which is always to be considered is the understanding of the parties.  See *Boston & Maine Railroad* v. *Whitcher*, 1 Allen, 497." It appears to be established that the consignee in interstate commerce is liable for freight if he accepts delivery of the goods.  *New York Central & Hudson River Railroad* v. *York & Whitney Co.* 256 U. S. 406.  The directions given by the defendant in the diversion order of June 14, "All charges to follow the cars," would not alone relieve the defendant as the reconsignor from liability for freight charges.  Such directions add a cumulative remedy against the new consignee and do not release the consignor.  *Wooster* v. *Tarr*, 8 Allen, 270.  *Pittsburgh, Cincinnati, Chicago & St. Louis Railway* v. *Fink*, 250 U. S. 577.

The defendant did not accept delivery of the goods on arrival in Boston.  On the contrary, it refused to accept. It had sent notice to the carrier setting out with exactness its relation to the goods and giving the name and address of the owner.  Notwithstanding these unequivocal acts, the plaintiff contends that the order of reconsignment given by the defendant was such an exercise of dominion over the shipment as to render it liable for tariff charges.  It relies upon the principle that when a consignee gives an order for reconsignment of the shipment without then notifying the carrier that it is not the owner, has no interest in the shipment and is giving the name and address of the owner, such consignee becomes liable for the freight charges.  In *New York Central Railroad* v. *Ross Lumber Co.* 234 N. Y. 261, the defendant was consignee of a shipment in interstate commerce.  It was said at page 265: "As defendant was the presumptive owner, if it accepted the freight in the capacity of owner, the law implied a promise on its part

to pay the charges (*Pittsburgh, C., C. & St. L. Ry. Co.* v. *Fink,* 250 U. S. 577) although the bill of lading did not come into its possession and it had no knowledge of its terms. (*N. Y. C. & H. R. R.R. Co.* v. *York & Whitney Co.,* 256 U. S. 406.) When it wrote the letter directing the delivery without notifying the plaintiff that it was not the owner of the goods, it acted either as consignee or volunteer. We may not assume that its letter was the act of a meddler. We must, therefore, presume that it wrote as consignee. It follows that it accepted the goods by an act of ownership when it exercised dominion over them by giving directions for their delivery and the plaintiff was justified in treating it as owner of the goods." *Wabash Railway* v. *Horn,* 40 Fed. (2d) 905. *Central Railroad of New Jersey* v. *National Asbestos Manuf. Co.* 127 Atl. 184. *Mellon* v. *Landeck,* 248 Ill. App. 353, 356. To the same effect is *Pennsylvania Railroad* v. *Rothstein,* 116 Pa. Super. Ct. 156, where the facts are almost identical with those in the instant case.

It may be assumed that the notice sent by the defendant on June 10 was sufficient to relieve it from liability at that time provided it had done nothing more. It may also be assumed that if notice of similar import had accompanied the order for reshipment on June 14 it would not be liable in the present action. But the order for reshipment was an act of dominion by the defendant over the shipment. It was unequivocal in terms. It did not indicate agency. It contained no words of limitation. The defendant's original position as consignee gave it the opportunity to change its mind and assume a dominating relation to the shipment. The implications of its conduct were that it was no longer acting as agent for the Toronto owner but on its own account or for a different owner. Such conduct placed the defendant under liability as a consignor respecting the freight charges. There is so much of inflexibility under the Federal statutes with respect to liability for freight charges in interstate transportation that relaxation does not seem consonant with the present state of the law. We think that the act of dominion exercised by the defendant in ordering the

reshipment without more was enough to fasten upon it liability for freight charges. The terms of the notice of June 10 cannot rightly be stretched to accompany the order for reshipment when no reference was made to it in that order. We think that the case at bar is distinguishable from *New York Central Railroad* v. *Sharp*, 124 Misc. (N. Y.) 265, affirmed in 215 App. Div. (N. Y.) 794, where the defendant was not consignee and does not appear to have been a party to the bill of lading; it was simply required that notice be sent to the defendant of the arrival of the shipment.

The provisions of the so called Newton Amendment of March 4, 1927, (44 U. S. Sts. at Large, 1447), to § 3, paragraph 2 of the Transportation Act of 1920 (41 U. S. Sts. at Large, 479), do not operate to relieve the defendant of liability. Such provisions exonerate a consignee for liability for transportation charges "(beyond those billed against him at the time of delivery for which he is otherwise liable) which may be found to be due after the property has been delivered to him, if the consignee (a) is an agent only and has no beneficial title in the property, and (b) prior to delivery of the property has notified the delivering carrier in writing of the fact of such agency and absence of beneficial title." The purpose of this Amendment was to remedy the hardship of the rule that lack of ownership by the consignee and the fact that he acted as agent only did not relieve him from personal liability to the carrier for unpaid charges. *New York Central & Hudson River Railroad* v. *York & Whitney Co.* 256 U. S. 406. *New York, New Haven & Hartford Railroad* v. *Lord & Spencer, Inc.* 273 Mass. 583. This statute applies only to those who accept delivery. The defendant did not accept delivery. *Pennsylvania Railroad* v. *Rothstein & Sons*, 109 Pa. Super. Ct. 96. (Allocatur refused by Supreme Court, 109 Pa. Super. Ct. xxiii.)

In accordance with the terms of the report the entry may be

*Judgment for the plaintiff on the verdict.*