CHAUNCEY CLAPP *vs.* J. L. CAMPBELL.

Hampshire. Sept. 26, 1877. — Feb. 19, 1878. ENDICOTT & LORD, JJ.,
                              absent.

In an action of tort, by a mortgagee for the conversion of personal property, against an officer, who attached it as the property of the mortgagor and sold it under the Gen. Sts. *c.* 123, § 72, there was a count for money had and received, both counts being alleged to be for the same cause of action. *Held*, that the two counts were inconsistent; and that the defendant had the right to require the plaintiff to elect upon which count he would proceed.

If personal property is rightfully in the possession of a first mortgagee, a subsequent mortgagee cannot maintain an action of tort for its conversion.

TORT, with a count in contract, both counts being alleged to be for the same cause of action. Writ dated February 5, 1876. Trial in the Superior Court, before *Brigham*, C. J., who directed a verdict for the plaintiff, and reported the case for the determination of this court. The material facts appear in the opinion.

*W. G. Bassett*, for the defendant.

*A. J. Fargo*, for the plaintiff.

MORTON, J. This report presents a complicated state of facts, but, so far as material to the questions now necessary to decide, they are substantially as follows :

The action is tort, brought by the third mortgagee of personal property against an officer for a conversion of the property, with an alternative count in contract for money had and received, stated to be for the same cause of action. The property was formerly owned by Chauncey F. Clapp and Eunice E. Clark. On October 6, 1873, they mortgaged it to the plaintiff and Levi Perkins; on December 12, 1873, they made a second mortgage to one Lambie ; on December 15, 1873, they made a third mortgage to the plaintiff, being the mortgage under which he claims in this action. On March 9, 1874, the defendant, a deputy sheriff, attached the property at the suit of a creditor of the mortgagors, all the mortgagees being summoned as trustees in the action; on March 9, 1874, the debtors and the attaching creditors in that action consented in writing to a sale of the property under the Gen. Sts. *c.* 123, § 72; and on March 16, 1874, the officer sold it accordingly. During all this time, Chauncey F. Clapp was an infant, and Eunice E. Clark a married woman. At October term 1875, judgment was entered for the defendants in that action and the trustees were discharged. Thereupon, out of the proceeds of the sale in his hands, the officer paid to the plaintiff and Perkins the amount due on the first mortgage, and paid the balance of such proceeds to Lambie in part payment of the second mortgage.

The plaintiff contended, and offered evidence tending to show, that he and Perkins were in possession of the property under the first mortgage at the time of the attachment, and that the mortgage to Lambie had been disaffirmed by Chauncey F. Clapp since he became of age, and was invalid in whole or in part.

At the trial, after all the evidence was in, the defendant requested the court to rule that the plaintiff be required to elect whether he would proceed on his counts in tort or his count in contract. We are of opinion that this ruling should have been given. The counts in tort proceed upon the ground that the defendant has unlawfully seized and sold the property of the plaintiff. If they are sustained, the defendant is liable for

the value of the property at the time of the seizure. The count in contract waives the tort and ratifies the sale, and seeks to recover the proceeds of the sale as money received by the defendant for and to the use of the plaintiff. The measure of damages is different in the two cases. The counts are inconsistent with each other, and both cannot be submitted to the jury at the same time.

Possibly the refusal to require the plaintiff to elect may not be important in this case, as the learned judge who presided in the Superior Court, in his final instructions, appears to have treated the count in contract as waived. He ruled, upon all the evidence, that there was no question of fact for the jury except as to the value of the property, and directed them to return a verdict for the plaintiff for its value at the date of the attachment, with interest, after deducting the amount paid by the officer to the first mortgagees. This ruling clearly was applicable only to the counts in tort, and practically treated the case as if the plaintiff had elected to abandon his count in contract.

But we are of opinion that this ruling cannot be sustained. The plaintiff claimed as third mortgagee of the property attached. He did not claim, and there was no evidence tending to show that he was in possession or had a right of possession of it. To maintain tort for a conversion of property, the plaintiff must prove that he was entitled to the possession at the time of the conversion. By the first mortgage, the mortgagors transferred the title to the property and the right of possession to the first mortgagees. After the first mortgagees became entitled to possession, the mortgagors could not maintain an action of tort in the nature of trover, and a subsequent mortgagee would have no greater right than his grantor. *Landon* v. *Emmons*, 97 Mass. 37. *Ring* v. *Neale*, 114 Mass. 111.

Upon the facts appearing in this report, therefore, the plaintiff was not entitled to maintain his counts in tort, and the verdict rendered upon them was erroneous.          *New trial ordered.*