### New Haven & Northampton Company *vs.* James Campbell.

Hampshire. Sept. 16, 1879. — Jan. 24, 1880. Ames & Endicott, JJ., absent.

A declaration contained two counts, alleged to be for the same cause of action. The first count was in tort in the nature of trover, for the conversion of ten barrels of flour. The second count was in contract, alleging that the plaintiff had in his possession as a common carrier fifteen barrels of flour transported by him and consigned to the defendant; that he permitted the defendant to take five barrels, claiming and notifying him that the plaintiff would hold the remaining ten barrels until the freight and advances due to him were paid; and that the defendant afterwards took and carried away the ten barrels, thereby becoming liable to pay the plaintiff the amount due him for such freight and advances. *Held*, that the two counts were properly joined; and that it was within the discretion of the court to determine whether the plaintiff should elect upon which count he would go to the jury.

The delivery, by a common carrier to a consignee, of a part of goods transported by the former, without payment of freight and advances, does not discharge the lien of the carrier upon the remainder of the goods for the whole amount of charges, unless it was the intention of the parties to do so; and this is a question of fact for the jury.

A question not raised at the trial is not open upon a bill of exceptions.

MORTON, J.   The declaration contains two counts, alleged to be for the same cause of action.   The first is in tort, in the nature of trover, for the conversion of ten barrels of flour.   The second is in contract, alleging in substance that the plaintiff had in its possession as a common carrier fifteen barrels of flour transported by it and consigned to the defendant; that it permitted the defendant to take five barrels, claiming and notifying him that it would hold the remaining ten barrels until the freight and advances due to it were paid by him; and that the defendant afterwards took and carried away the said ten barrels, thereby becoming liable to pay the plaintiff the amount due it for such freight and advances.   The plaintiff's real cause of action was that the defendant carried away the flour without paying the amount of the lien thereon.   If he took it with the knowledge that the plaintiff claimed a lien and looked to him for the payment of the freight and charges, a promise to pay would be implied, upon which an action of contract might be maintained.   If he took it without such knowledge, and without any waiver of the lien by the plaintiff, he would be liable in trover.   The plaintiff, deeming it doubtful to which class his cause of action belonged, might join a count in tort with a count in contract under the Gen. Sts. *c.* 129, § 2.   *Sullivan* v. *Fitzgerald*, 12 Allen, 482.   The two counts being properly joined, it was within the discretion of the court to determine whether the plaintiff should elect upon which count he would go to the jury.   *Atwater* v. *Clancy*, 107 Mass. 369.   The defendant contends that the counts were inconsistent, because the measure of damages is different under each.   It may or may not be different. If the flour was worth more than the amount of the plaintiff's lien, the measure of damages would be the same under each count.   If it was worth less, the measure under the count in trover would be the value of the flour, while under the count in contract it would be more, viz. the amount of the lien.   Even if the flour was worth less, there is no difficulty or embarrassment in submitting both counts to the jury at the same time, with instructions that, if the contract is proved, their verdict should be for the amount of the lien, but, if it is not proved, and the tort is proved, the verdict should be for the value of the flour.   There is no such inconsistency between the two

counts as existed in *Clapp* v. *Campbell*, 124 Mass. 50, cited by the defendant. In that case, one count was in tort for the conversion by an attaching officer of the plaintiff's goods; the other was in contract for money had and received by the officer upon a sale of the goods; the count in contract could not be maintained at all except upon the ground that the plaintiff had waived the tort; the two could not be submitted to the jury at the same time, because they had no right to consider the count in contract unless the plaintiff had first made his election to waive the tort. In the case at bar, we are of opinion that the exception to the refusal of the court to order the plaintiff to elect between his two counts cannot be sustained.

As to the remaining part of the case, we have difficulty in ascertaining from the bill of exceptions what questions of law precisely were intended to be submitted to us. The defendant asked the court to rule that "the lien attaches only to the particular goods; that is, a lien cannot attach to the ten barrels for freight on the entire car-load. If the evidence fails to show what part of the freight was for the ten barrels, the plaintiff cannot recover." The bill of exceptions then proceeds: "The court declined so to rule, and did rule substantially that the plaintiff's lien attached to the fifteen barrels received by it for the entire sum due the plaintiff for freight of the fifteen barrels and for charges and expenses paid by it upon receiving the goods, and that the plaintiff might have a lien upon the ten barrels remaining after delivery of the five barrels to the defendant for the whole sum due the plaintiff for freight and charges and expenses paid as aforesaid unless the plaintiff had waived or released its lien."

The defendant contends in this court that the Superior Court should have ruled that the lien could not attach to the ten barrels for freight on the entire car-load, a large part of which was delivered at New Britain to Clapp, the original consignee of the whole. But it does not appear that this question was raised at the trial.

The bill of exceptions states that Clapp, the original consignee, received the car-load at New Britain, and consigned and sent fifteen barrels to the defendant, "charges to follow"; and the bill to Clapp, which was in evidence, was for the transportation of forty barrels of flour, and six tons of feed, "15 bbls. sent to

Plainville with charges." The expression "charges to follow" standing alone is obscure, but we think it sufficiently appears from the bill of exceptions that all parties assumed at the trial that, by the agreement of the parties interested, the lien upon the whole car-load followed and attached to the fifteen barrels sent to the defendant. The request of the defendant and instructions given in reply thereto were directed, not to the question whether the plaintiff had a lien upon the fifteen barrels for the freight and charges upon the whole car-load, but to the point as to what was the effect upon such lien of the delivery to the defendant of five barrels out of the fifteen. Upon this point, the ruling that the plaintiff might have a lien upon the ten barrels remaining, for the whole sum due for freight and advances upon the fifteen barrels, unless it had waived or released its lien, was correct.

The whole lien attaches to each and every part of the goods subject to it. If not discharged or waived, it remains attached to whatever part of the property may remain within the possession of the carrier. *Ware River Railroad* v. *Vibbard*, 114 Mass. 447. *Lane* v. *Old Colony & Fall River Railroad*, 14 Gray, 143. A delivery of part of the property does not necessarily discharge the lien, either in the whole or *pro tanto*. It releases the part delivered from the lien, but does not discharge the part remaining from the burden of the whole lien, unless it was the intention of the parties to do so. *Lane* v. *Old Colony & Fall River Railroad, ubi supra*. And this is ordinarily a question of fact for the jury. In the case at bar, it was for the jury to decide whether the delivery of the five barrels under the order from Clapp, and the sending the bill to Clapp, was a waiver by the plaintiff of its lien upon the flour. This question was submitted to them under instructions which were not objected to, and the defendant upon this part of the case has no ground of exception.

The defendant now contends that no verdict could be rendered on the count in tort, because there was no evidence of the value of the flour. Without conceding the soundness of his position, it is enough to say that this question was not raised at the trial, and it cannot be raised for the first time in this court.

*Exceptions overruled.*

*A. J. Fargo*, for the defendant.
*W. G. Bassett*, for the plaintiff.