FREDERICK A. POTTS *vs.* NEW YORK & NEW ENGLAND RAILROAD COMPANY.

Worcester.   October 6. — 17, 1881.   LORD & ALLEN, JJ., absent.

A carrier of goods consigned to one person under one contract has a lien upon the whole for the lawful freight and charges on every part; and a delivery of part of the goods to the consignee does not discharge or waive that lien upon the rest, without proof of an intention so to do, even as against the right of the consignor to stop *in transitu* the goods not delivered.

TORT for the conversion of a quantity of coal.   Answer, a general denial.   The case was submitted to the Superior Court, and, after judgment for the defendant, to this court, on appeal, upon an agreed statement of facts in substance as follows:

The plaintiff, a coal merchant, sold to a firm in Southbridge in this Commonwealth a large quantity of coal and shipped 205 tons thereof by a schooner to Norwich, Connecticut, to be thence transported by the defendant over its railroad to the consignees at Southbridge. The defendant received the coal at Norwich, paying the water freight to discharge the schooner's lien, amounting to $205, and then carried the coal to Southbridge and delivered to the consignees all but 119 tons thereof, no part of the advances for water freight nor the defendant's freight being paid. On the arrival at Southbridge of the 119 tons, which is the coal in controversy, the consignees having failed, the plaintiff duly stopped it *in transitu*, and demanded it of the defendant. The defendant refused to deliver it, claiming a lien on it for the entire amount of the water freight on the whole cargo paid by the defendant, and for the whole of the defendant's freight on the cargo, amounting in all to $513. The plaintiff tendered to the defendant $297, which was enough to cover the water freight and the defendant's freight on the coal in question. The value of the coal in controversy was $696.

If the defendant had no right to hold the coal as against the plaintiff for the advances and freight on the whole cargo, judgment was to be entered for the plaintiff for $398, with interest from the date of the writ; otherwise, judgment for the defendant.

*W. S. B. Hopkins*, for the plaintiff.

*F. P. Goulding*, for the defendant.

GRAY, C. J. A carrier of goods consigned to one person under one contract has a lien upon the whole for the lawful freight and charges on every part, and a delivery of part of the goods to the consignee does not discharge or waive that lien upon the rest without proof of an intention so to do. *Sodergren* v. *Flight*, cited in 6 East, 622. Abbott on Shipping (7th ed.) 377. *Lane* v. *Old Colony Railroad*, 14 Gray, 143. *New Haven & Northampton Co.* v. *Campbell*, 128 Mass. 104. And when the consignor delivers goods to one carrier to be carried over his route, and thence over the route of another carrier, he makes the first carrier his forwarding agent; and the second carrier has a lien, not only for the freight over his own part of the route, but also for any freight on the goods paid by him to

the first carrier. *Briggs* v. *Boston & Lowell Railroad*, 6 Allen, 246, 250.

The right of stoppage *in transitu* is an equitable extension, recognized by the courts of common law, of the seller's lien for the price of goods of which the buyer has acquired the property, but not the possession. *Bloxam* v. *Sanders*, 4 B. & C. 941, 948, 949, and 7 D. & R. 396, 405, 406. *Rowley* v. *Bigelow*, 12 Pick. 307, 313. This right is indeed paramount to any lien, created by usage or by agreement between the carrier and the consignee, for a general balance of account. *Oppenheim* v. *Russell*, 3 B. & P. 42. *Jackson* v. *Nichol*, 5 Bing. N. C. 508, 518, and 7 Scott, 577, 591. See also *Butler* v. *Woolcott*, 2 N. R. 64; *Sears* v. *Wills*, 4 Allen, 212, 216. But the common law lien of a carrier upon a particular consignment of goods arises from the act of the consignor himself in delivering the goods to be carried; and no authority has been cited, and no reason offered, to support the position that this lien of the carrier upon the whole of the same consignment is not as valid against the consignor as against the consignee.

*Judgment for the defendant.*