WILLARD P. SHEPPARD, assignee, *vs.* NEW YORK, NEW HAVEN, AND HARTFORD RAILROAD COMPANY.

Norfolk. March 16, 1917. — May 26, 1917.

Present: RUGG, C. J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Carrier,* Of goods, Lien for freight. *Waiver.*

Delivery by a railroad corporation of a part of a carload of coal, upon which it has a lien for unpaid freight, does not discharge the lien upon the portion of the coal retained by the corporation unless it appears that the parties intended that the delivery should operate as a constructive delivery of the whole and thus waive the lien.

A judge, who heard without a jury an action of replevin of two carloads of coal, brought by a common law assignee for the benefit of creditors against a railroad

corporation, found that the coal had been transported by the defendant to its freight yard, the plaintiff's assignor having no private tracking facilities, that the defendant had notified the plaintiff's assignor of the arrival of the first car on a Wednesday and of the second car on a Friday, and on the evening of Friday the assignment to the plaintiff had been made; that it had been a custom of the railroad corporation to notify the plaintiff's assignor each Friday of the amount then due it from him for freight, which amount the assignor was given until the following Monday to pay, but that this arrangement as to "weekly credit" was no part of the contract of shipment; that such a notification had been given, on the day of and preceding the assignment, of the amount due for freight on the two cars; that no part of the freight had been paid or tendered; that coal had been delivered to the assignor from the first car without any "delivery check," and that, for a part of the second carload which had been delivered to him, he did not sign such a check until four days after the assignment. The defendant was notified of the assignment three days later and refused to relinquish possession of the remaining coal. The judge found that the coal retained never had been delivered by the defendant. *Held,* that the judge's finding could not be said to have been wrong, and that at the time of the replevin the defendant had a valid lien upon the coal then remaining in its possession for freight due to it.

REPLEVIN of forty tons of coal under the circumstances described in the opinion. Writ in the District Court of East Norfolk dated November 14, 1913.

On appeal to the Superior Court, the case was heard by *Irwin,* J., without a jury. There was no report of the evidence. Material facts found by the judge are stated in the opinion. The judge found for the defendant; and the plaintiff alleged exceptions.

*A. W. Blackman,* for the defendant.

*W. P. Kelley,* for the plaintiff.

DE COURCY, J. The plaintiff's assignor, Weston H. Cushing, was engaged in the wood and coal business at East Weymouth. He had no private trackage facilities; the cars containing his freight were always put in places convenient for unloading in the freight yards of the defendant, and he was then notified. On Friday of each week the defendant's station agent by telephone notified Cushing of the charges against him for freight, and he was allowed until the following Monday in which to make payment. This "weekly credit" was not a part of the contract of shipment, but was an arrangement made for the convenience of Cushing with reference to his shipments generally, and was payable regardless of who had physical possession of the freight: it had no reference to delivery.

On Wednesday, October 1, 1913, the defendant notified Cushing

that one of two cars of coal ordered by him from the mines was placed at his disposal for unloading. On Friday, October 3, 1913, a similar notice was given as to the other car, and Cushing was informed by telephone of the amount he owed for freight charges, including that for hauling these two cars. On the evening of October 3, he made an assignment of his property for the benefit of his creditors, to the plaintiff.

Notice of the assignment was sent to the creditors, including the defendant, on October 10. The two cars were still on the defendant's premises, and there remained in them about forty of the original seventy tons of coal. The defendant thereupon "stopped the credit" of Cushing, and forbade any further unloading of the cars, asserting a right of lien for its carrying charges of $209.96. The plaintiff replevied this coal on November 28. The only question raised by his exceptions is whether the defendant had a lien on the coal that was taken from its possession on the replevin writ.

On the judge's finding, under the "weekly credit" arrangement the freight charge should have been paid on or before Monday October 6; and no part of it ever has been paid or tendered. The coal involved had not been delivered into the physical possession of the consignee; no "delivery check" had been signed by him on the first car, and the one on the second car was signed by him October 7, or four days after he had assigned his property to the plaintiff.

The defendant's right of lien was not necessarily discharged by the delivery of a part of the consignment. The whole amount of the freight was a lien upon all and every part of the goods subject to it. Even though part of the goods were delivered, the carrier could retain the balance until its entire freight was paid. Such partial delivery will not be taken as constructive delivery of the whole, or as a waiver of the lien upon the rest, unless there is proof that such was the intention of the parties. And that issue ordinarily is one of fact. *Lane* v. *Old Colony & Fall River Railroad,* 14 Gray, 143. *Ware River Railroad* v. *Vibbard,* 114 Mass. 447. *New Haven & Northampton Co.* v. *Campbell,* 128 Mass. 104. *Potts* v. *New York & New England Railroad,* 131 Mass. 455. 2 Hutch. Carriers (3d ed.) § 870. And see *The Bird of Paradise,* 5 Wall. 545. Assuming that the defendant would have lost its lien if the consignee had removed all the coal while the credit arrange-

ment was in force, yet the judge was not obliged on all the evidence to find that the defendant had delivered unconditionally the coal in question or had waived its lien when this action of replevin was brought.

The case was tried before a judge without a jury, and his findings, like the verdict of the jury, are conclusive if there was any evidence to support them. We cannot say that he erred in law in finding for the defendant. And in view of his findings of fact, the rulings of law requested were denied rightly. *American Malting Co.* v. *Souther Brewing Co.* 194 Mass. 89. *Bangs* v. *Farr,* 209 Mass. 339.

*Exceptions overruled.*