Bolster, C. J.
This is an action of “contract or tort.” The declaration is in four counts. The first is obviously a count in contract, alleging breach by the defendant of its obligations under an expired lease from the defendant to the plaintiff, in that the defendant, on May 8, 1935, disconnected the electric light service to the plaintiff’s premises. The third alleges the same act, but describes the plaintiff’s right as that of a tenant at will. The second count says that the plaintiff was the defendant’s tenant under the lease, and that on May 16, 1935, the defendant kept him out of the premises by putting a lock on the door. The fourth count alleges the same wrong, but describes the plaintiff as the defendant’s tenant at will, which the court has found him to be. Ames v. Beal, 284 Mass. 56. The declaration says that all counts are for the same cause of action, which they plainly are not, for two distinct wrongful acts, separate in time, are alleged. The practice act provides that any number of counts may be joined if they belong to the same division of actions. It does not permit the joinder of a count in contract for a breach on one day with a count in tort for a wrong done on another day. The sole permitted joinder of counts in contract and in tort for the same cause of action is in actions for a single cause. The permission given by the last part of clause 6 of section 7 of the practice act is not a permission to violate the first part of that clause, cf. Clapp v. Campbell, 124 Mass. 50. Davis v. H. S. & W. M. Snyder, Inc., 252 Mass. 29. A judgment, as known to the common law, is a unit. cf. Leonard v. Robbins, 13 Allen 217. Contakis v. Flavio, 221 Mass. 259. This was a material matter when the practice act was passed, because an arrest on execution could be made without a judicial certif-
*111 icate only after a judgment sounding in tort. The plaintiff made no election, but the judge rightly made one for him. His finding is “in contract” for $1., but he has in terms allocated that finding to no particular count. His finding of a tenancy at will, however, shuts out the first two counts, which set up a tenancy under a written lease. The third count appears to us to be a count for breach of contract, rather than a count in tort. The fourth count might be either or both, but in view of the opening statement in the declaration, we infer that the pleader thought he was drawing up a count in tort. And the plaintiff’s requests for rulings, coupled with the judge’s statement that his finding was “in contract” indicates that the trial proceeded on the theory that the fourth count was in tort, for an eviction. It would appear to follow that the finding can be allocated only to the third count, and the report shows no proof of the damage done by the act there described. Whether, in view of the fact that the plaintiff was in default in his payment for electric service already had, a finding for even nominal damage was warranted, is a point which the defendant does not raise.
In this situation the plaintiff filed twelve requests for rulings, which the trial judge did not act upon, so they must be treated as refused. The plaintiff filed a draft report which, after reciting the requests, concludes — “The plaintiff, claiming to be aggrieved by the refusal ... to rule as requested on the plaintiff’s requests for rulings, expressly with reference to plaintiff’s requests numbered ten, eleven and twelve, I hereby report the same.” The tenth request says that the failure to give a notice to quit constituted an eviction. It hardly seems necessary to say that if the plaintiff was evicted, it was by what the defendant did, not by his failure to give notice. The eleventh request assumes the sufficiency of the plaintiff’s evidence to establish the *112 facts' necessary to recovery. It assumes an existing “covenant,” which the special finding negatives, and it assumes a' breach, which the plaintiff had the burden' of proving. Devine v. Murphy, 168 Mass. 249. Carnes v. Howard, 180 Mass. 569.
The twelfth request is apparently aimed at the fourth count of the declaration, though it does not say so. If that is a count in tort, the judge could not, for the reasons already pointed out, after having found for the plaintiff on the third count, in contract, go further and find for him in tort on the fourth count. In that aspect of the case refusal of this request carried no prejudice. Treating the fourth count as one in contract, and assuming in the plaintiff’s favor that the finding can be allocated to that count, the request is too broad. It reads, “The measure of damages includes the loss of profits and all losses and damages sustained, which resulted from the conduct of the defendant, its agents, servants or employees”, citing Winchester v. O’Brien, 266 Mass. 33. That case, by the way, is not a decision on any rule of damages.
It is a frequently declared rule of practice here that a request uncertain and dubious in its terms and application is, after denial, to be considered on review in the sense that makes the denial right rather than in the one which makes it wrong. We can overlook the alternative addition of “servants or employees,” (authorized or unauthorized) at the end of the request, for the report only shows exclusion of the plaintiff by the defendant or its agents. But what does “loss of profits” mean? Does it mean the hoped for but wholly speculative chance of sale to which the plaintiff testified? Or does it refer to the plaintiff’s testimony contrasting the value of the business as a going concern, and including furniture much of which the plaintiff did not own, with-the mere value of the same chattels alone after the *113 lock was put on? Rulings must be founded on evidence'. Again, what does “all losses and damages sustained, which resulted from the conduct of the defendant” mean? Does it mean that the rule includes damages, in the legal sense, and something more, called “losses”? Is “resulted” used in a factual or legal sense ? Does the request mean to bring in remote and consequential injury ? What is the meaning of the cumulative statement “profits and all losses and damages”? And by saying that the “measure” of damages includes certain things, is an exhaustive definition attempted, or does the request mean that the things recited can be considered, (and perhaps some others which the plaintiff does not wish to enlarge upon) ?
. Granting all that the plaintiff says as to the right of a party to have made known the rules of law which the judge, adopts, there must be added — “provided he files requests for rulings directed to evidence in the case, sufficiently con-, cise to point out unmistakably the rule of law which the party claims should be adopted.” The right to file requests does not include the right to ask mere generalizations in such form that, if adopted, their application to the evidence will be uncertain and equivocal, and no sure and single legal result be dictated. If the plaintiff had undertaken to break down his generalization into its component parts, there is more than ground for suspicion that some of those more specific rulings would-have to be refused. There appears to be a time limit beyond which losses by exclusion from occupancy by a tenant at will cannot go. Ashley v. Warner, 11 Gray 43. cf. Rice v. Baker, 2 Allen 411. The true rule of damages is the loss of his interest, whatever it may be, in the real estate, and lost profits may in some- cases be taken into account in arriving at the value of the interest lost. Profits, as such, and as an independent element of damage, are not the “measure” of damages, cf. Dexter v. Manley, *114 4 Cush. 14, Kostopolos v. Pezzetti, 207 Mass. 277, Nelson Theatre Co. v. Nelson, 216 Mass. 30, Neal v. Jefferson, 212 Mass. 517, Parker v. Levin, 285 Mass. 125, particularly if not specially pleaded. They are at best only items of proof of the value of the particular lost interest. A ruling, assuming to state a “measure,” which keeps out of the balance both .the fleeting character of the interest, and the fact that the plaintiff could not have put a buyer in his place as tenant, was not one which the plaintiff could insist should be given, even if it were not so deficient in clarity that, if given, its scope and applicability would be so vague as to be of no practical use. If the plaintiff had asked a ruling that in estimating the damages caused by his wrongful and premature exclusion from the premises, the court could consider the profits he would have made while using the premises for the known purpose for which they were let, for such time as he had the right to hold them, the ruling might have been given, unless the judge found that the defendant’s acts stopped losses rather than profits.
Report dismissed.