F. PAUL WELSCH, trustee in bankruptcy, *vs.* FRANK
PALUMBO & others.

Suffolk.   January 9, 1947. — June 6, 1947.

Present: FIELD, C.J., RONAN, WILKINS, & SPALDING, JJ.

*Damages,* For tort.  *Bankruptcy,* Preference.

It is not open to the appellee on an appeal from a decree in a suit in
equity to ask in this court for a decree more favorable to himself, but
he may contest any contention made by the appellant.

Construction of the pleadings in a suit in equity, by a trustee in bank-
ruptcy of the mortgagor in a mortgage of personal property which
was invalid as to the plaintiff, against the mortgagee who had con-
verted the property by a taking of possession and purchase at a fore-
closure sale, required the conclusion that the plaintiff had elected to
seek a decree for a return of the property or for payment of its value,
which precluded him, on an appeal from a decree establishing the
defendant's liability, from seeking the inconsistent remedy of a de-
cree affirming a sale at an advance in price, made by the defendant
after his purchase in foreclosure, and awarding the plaintiff the pro-
ceeds of that sale.

A trustee in bankruptcy of a mortgagor of personalty had a right under
the national bankruptcy act to avoid a preference committed by a
mortgagee in the foreclosure by him, invalid as to the trustee, through
a taking of possession and purchase by himself and the crediting of
the purchase price upon his debt, and, where the mortgagee had dis-
posed of the property after purchasing it, to recover from him a sum
equal to its value at the time and place of its purchase by him at the
foreclosure sale if at that time the mortgagor had a right to use of
the property at that place, rather than its value for the purpose of
removal and resale elsewhere; the fact, that the mortgagee had no
right to use the property on the premises of the mortgagor, was not
material.

BILL IN EQUITY, filed in the Superior Court on November
19, 1942.

The suit was heard by *Kirk,* J.

*B. Goldman,* for the plaintiff.

*A. L. Levine,* for the defendant Palumbo, submitted a
brief.

SPALDING, J.  The plaintiff, who is trustee in bankruptcy
of T. B. Massaro Company (hereinafter called the corpora-

tion), brings this bill in equity to have a chattel mortgage given by the corporation to the defendant Palumbo declared invalid. The bill also asks to have the transfer of the mortgaged property to Palumbo by foreclosure adjudged a voidable preference under the bankruptcy act and that he "be ordered to account to the plaintiff for whatever property . . . [he] received and to return the same to the plaintiff or to pay him the value thereof." [1] The judge made a report of material facts. Pursuant thereto a decree was entered ordering Palumbo (hereinafter called the defendant) to pay $650 to the plaintiff with interest. [2] The case comes here on an appeal by the plaintiff. The evidence is not reported.

The liability of the defendant is established by the decree, and no question touching that is before us. The defendant did not appeal; hence it is not open to him to ask for a decree more favorable to himself (*Coe* v. *Coe*, 313 Mass. 232, 234), but he may contest any point raised by the plaintiff on the latter's appeal. *Greenaway's Case*, 319 Mass. 121, 122. The plaintiff challenges the decree solely on the ground that on the facts found the amount awarded as damages was not proper and that he is entitled to recover either $1,500 or $2,000.

Facts relevant to this issue are these: On April 7, 1941, the corporation, which dealt in barbers' and hairdressers' supplies in Boston, gave to the defendant (as security for a loan of $3,500 which the latter had made to it) a mortgage of all its personal property. The mortgage, which due to an oversight was undated, was recorded on April 8, 1941. (We need not discuss the legal consequences of this omission because the case has been argued by the parties on the basis that the mortgage, as the judge ruled, was not valid as against the plaintiff. See G. L. (Ter. Ed.) c. 255, § 1; *Old Colony Trust Co.* v. *Medfield & Medway Street Railway*, 215 Mass. 156.) On November 29, 1941, the defendant took

---

[1] So much of the bill as alleges a fraudulent conveyance need not concern us, as the plaintiff does not now seek any relief on that ground. Moreover the judge found that this allegation was not sustained.

[2] Decrees were also entered dismissing the bill as against all of the defendants except Palumbo, but the plaintiff did not appeal from these decrees.

possession of the property included in the mortgage, and at a foreclosure sale held the same day purchased it for $1,500 and credited that amount to the debt owed by the corporation. At that time the corporation was insolvent. On December 1 the defendant sold the property thus acquired for $2,000 to one Massaro, who thereafter conducted the business on the premises of the corporation under the name of T. B. Massaro Company. On December 16, 1941, the plaintiff was appointed receiver of the corporation by the Superior Court pursuant to a bill in equity brought for that purpose by a judgment creditor. The bill was filed on August 1, 1941. On March 28, 1942 (less than four months from the time the mortgage was foreclosed), an involuntary petition in bankruptcy was filed against the corporation in the United States District Court. An adjudication of bankruptcy followed on April 14, 1942. The plaintiff was thereafter appointed trustee and instituted these proceedings.

The judge found that the fair market value of the property included in the mortgage on November 29 (the date of the foreclosure and sale) "as an entire lot for use on the premises" of the corporation was $1,500. He also found that its value on that date "for the purposes of removal and resale (probably in job lots) elsewhere was $650." (In view of the fact that the property was sold in place to Massaro for $2,000 two days later, it is not clear why the judge found that its value on the premises was only $1,500. Possibly this was due to the fact that the sale was not for cash but was financed by a note secured by a mortgage of the property.) There was no evidence that the defendant had any right to use this property on the premises of the corporation.

The plaintiff contends that, since the mortgage was invalid as to him, the foreclosure and sale by the defendant of the property included in it constituted a conversion. [1] We

---

[1] The plaintiff argues in support of this contention that between August 1, 1941, when the bill for the appointment of a receiver was filed, and December 16, 1941, when the receiver was appointed, the property covered by the mortgage was in custodia legis and that the defendant's possession and foreclosure were illegal as to the plaintiff. See *Rioux* v. *Cronin*, 222 Mass. 131, 137–138; *Davis* v. *Mazzuchelli*, 238 Mass. 550.

assume without deciding that this is so. We also assume that the plaintiff as trustee acquired the right to enforce this liability. [1] Thus, it is argued, he acquired the right under the doctrine laid down in *Jones* v. *Hoar*, 5 Pick. 285, either to sue in tort for conversion to recover the value of the property or to waive the tort, affirm the sale of the property to Massaro and recover the proceeds thereof as money had and received. See *Gilmore* v. *Wilbur*, 12 Pick. 120, 124; *Brown* v. *Holbrook*, 4 Gray, 102, 103; *Ladd* v. *Rogers*, 11 Allen, 209, 212; *Bartlett* v. *Tucker*, 104 Mass. 336, 345; *Child* v. *Boston & Fairhaven Iron Works*, 137 Mass. 516, 522; *Arizona Commercial Mining Co.* v. *Iron Cap Copper Co.* 236 Mass. 185, 190. It has been held that these remedies are inconsistent and that a plaintiff must make an election. *Clapp* v. *Campbell*, 124 Mass. 50. *New Haven & Northampton Co.* v. *Campbell*, 128 Mass. 104. The plaintiff urges that he ought, therefore, to recover the sum of $2,000 (the proceeds of the sale) or, in any event, $1,500, which he contends was the fair market value of the property at the time of the conversion. But we think that under the pleadings it is not open to the plaintiff to recover the proceeds of the sale. It is plain from reading the bill that its objects were (1) to set aside the mortgage, (2) to have the transfer of the property under the foreclosure declared a voidable preference, and (3) to have the subsequent transfer of the property to Massaro set aside as a fraudulent conveyance. It is apparent from his report of material facts that the judge treated these as the purposes of the bill and that the case was tried on that basis. The plaintiff in his bill did not ask for the proceeds of the sale to Massaro. Nor did he seek to affirm the sale. On the contrary he sought to have it set aside. We construe the bill as asking that the defendant be ordered either to return the mortgaged property to the plaintiff or to pay him the value of it. The relief now sought under the doctrine of *Jones* v. *Hoar* is obviously an afterthought. We need not discuss the rights of the plaintiff

[1] The judge found that on November 18, 1942, the plaintiff conveyed all of the rights of the corporation and of himself as receiver (including any claims against the defendant "arising out of the mortgage and the foreclosure thereof") to himself as trustee in bankruptcy.

under the first alternative of this doctrine, namely, in tort, because, as will presently appear, the damages for conversion would be the same as in the case of a preference.

As we have noted above, the allegations with respect to a fraudulent conveyance were not proved. The defendant's liability, therefore, must be taken to have been established under that part of the bill which alleges a preference. Under § 60 (b) of the bankruptcy act (52 U. S. Sts. at Large, 870; U. S. C. [1940 ed.] Title 11, § 96 [b]) the trustee in avoiding a preference is entitled to recover "the property or, if it has been converted, its value from any person who has received or converted such property," with certain exceptions not here material. Since the defendant has disposed of the property he is liable to the plaintiff for its value. The valuations fixed by the judge were as of November 29, 1941, which the parties agree is the date at which the damages should be assessed. We are of opinion that the judge erred in holding that the plaintiff was entitled only to $650.

In proceedings to recover a voidable preference the trustee is entitled to have restored to the estate, in the event that the property has been sold or disposed of, the fair market value of the property at the time the preferential transfer was made, for the estate to this extent has been depleted. Such value is not necessarily determined by what the transferee sold it for or by what amount he credited against the debt. *Anderson* v. *Dater*, 18 Fed. (2d) 987. *Jentzer* v. *Viscose Co.* 82 Fed. (2d) 236, 238. *Nogi* v. *Greenwood*, 1 Fed. Sup. 60, 63. *Levy* v. *Rendle Contracting & Dock Building Co.* 9 Fed. Sup. 1009. Remington, Bankruptcy (5th ed.) § 1717. Thus the measure of damages, as the defendant concedes, is the same as in an action of tort for conversion. In such cases the plaintiff may recover the fair market value of the property at the time and place of the conversion. *State Street Trust Co.* v. *Lawrence Manuf. Co.* 284 Mass. 355, 362. *G. E. Lothrop Theatres Co.* v. *Edison Electric Illuminating Co. of Boston*, 290 Mass. 189, 194.

It sometimes happens, as here, that certain property has

a greater value in use where it is located than it would have if dismantled and sold elsewhere. This is especially true of fixtures and equipment in a store, factory or restaurant. It has been held that in an action of tort for the conversion of such property the plaintiff ordinarily is entitled to the value of the property in situ. Thus in *E. Kronman, Inc.* v. *Bunn Bros. Inc.* 265 Mass. 549, it was said at page 554, "The defendant further objects because the rule applied was market value upon the premises where the property was, contending that the value should be of the property dismantled and removed. But the value was properly determined at the place where the conversion occurred. It is not for the defendant who has converted the property where it was and as it was to contend that the plaintiff must recover on the basis of a value in some other place or under other conditions." See *Corsiglia* v. *French,* 284 Mass. 211, 216; *Jubinville* v. *Jubinville,* 313 Mass. 103, 107–108; *Fleischmann* v. *Samuel,* 18 App. Div. (N. Y.) 97; *Starkey* v. *Kelly,* 50 N. Y. 676, 678; *Smyth* v. *Stoddard,* 203 Ill. 424; *Blake-McFall Co.* v. *Wilson,* 98 Ore. 626, 648. Compare *Johnston* v. *Albany Dry Goods Co.* 12 App. Div. (N. Y.) 608. See also Sedgwick on Damages (9th ed.) § 254a; note in 69 Am. L. R. 914.

This principle is applicable here. What the property included in the mortgage was does not appear. But, as we have noted, the judge found that its value as an entire lot for use on the premises exceeded its value for removal and resale elsewhere in job lots by $850. At the time of the preferential transfer on November 29, for aught that appears, the corporation had the right to continue in its occupation of the premises in which the property was located. The value of the property at the time of the preference, therefore, was its value on the premises. That value was $1,500. That was the amount by which the assets of the corporation were depleted and which the creditors are entitled to have restored to the estate. That the defendant, as the judge found, had no right to use the property on the premises of the corporation is not material.

The defendant cites the case of *Castro* v. *Linchitz,* 297

Mass. 381, as supporting the rule of damages applied by the trial judge. But we think that the decision there is not at variance with the conclusion reached here. There the plaintiff was the holder of a second mortgage upon certain fixtures, furniture and equipment in a restaurant. The defendant corporation, which held a first mortgage upon the same property, foreclosed it under circumstances which warranted the conclusion that it violated the duty of good faith and diligence owed to the plaintiff. The plaintiff sought damages in tort from the defendant because of its wrongful execution of the power of sale contained in its mortgage. Treating the case as resembling an action for conversion, the court was of the opinion that damages should be determined as in such an action. The fair value of the property "for use in place on the premises" of the mortgagor was $3,500. But its value for the purpose of removal and use elsewhere was $1,675. It was held that it was error to assess damages on the basis of the value of the property on the premises, because it did not appear that a purchaser at a foreclosure sale under either mortgage would have a right to use the property there. And there was no evidence that the plaintiff had such right. Furthermore it appeared that while the defendant was in possession of the property seeking a customer the lessors of the premises had given it notice of an entry to terminate the lease and had ordered the removal of the property. But in the case at bar, the corporation presumably had the right to use the property on its premises after November 29. In these circumstances the proper basis for determining the market value of the property is its value on the premises. *E. Kronman, Inc.* v. *Bunn Bros. Inc.* 265 Mass. 549.

The decree is to be modified by striking out the paragraph numbered 1 and substituting therefor the following: 1. That the defendant Frank Palumbo pay to the plaintiff, as trustee in bankruptcy of T. B. Massaro Company, the sum of $1,500 together with interest thereon from November 29, 1941. As so modified the decree is

*Affirmed with costs.*